IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT DUTRO, | CASE NO. 1:12-cv-0212 LJO-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND (Doc. 6.) |
| vs. | |
| ROBERT HILARIDES, *et. al*, | |
| Defendants. | |

Plaintiff Scott Dutro ("Plaintiff") filed the instant motion to remand on March 15, 2012. The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for April 27, 2012. (Doc. 7). For the reasons that follow, the Court recommends that Plaintiff's Motion to Remand should be GRANTED. However, it is recommended that the request for fees and costs be DENIED.[1]

---

[1] Some Circuit Courts of Appeals have held that motions to remand are dispositive and thus deprive a magistrate judge of jurisdiction. The reasoning is that motions to remand are equivalent to an order of dismissal because they determine the availability of a federal forum. *Williams v. Beemiller, Inc.*, 527 F. 3d 259, 264-266 (2d Cir. 2008); *Vogel v. U.S. Office Products Co.*, 258 F.3d 509, 514-17 (6th Cir. 2001) (noting a lack of decisions from other circuits); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 994-97 (10th Cir. 2000); In re *U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir.1998); *See also*, *Hood Custom Homes v. Illinois National Insurance Co.*, 2009 U.S. Dist. Lexis 46389 (D. Oregon May 26, 2009). The Ninth Circuit has not taken a position on this issue. Some district courts–including this district court–have taken the position that a motion to remand is not dispositive and thus may be determined by a magistrate judge. *See Lerma v. URS Fed. Support Servs.*, 2011 U.S. Dist. LEXIS 66451 (E.D. Cal. June 22, 2011)(finding that a motion to remand is not a dispositive

## PROCEDURAL BACKGROUND

On June 20, 2011, Plaintiff filed this wage dispute action against his former employer Defendant Robert Hilarides in the Tulare County Superior Court of California, alleging violations of unfair competition law, failure to compensate for overtime worked, failure to provide non-duty meal and rest breaks, and wrongful termination. (Doc. 1, Ex. A). On January 25, 2012, Plaintiff filed a First Amended Complaint ("FAC") alleging federal claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C.A. §§ 201 and 207. (Doc. 1, Ex. B, ¶ 14).

Defendants were formally served with the FAC complaint by mail on January 30, 2012. (Def's. Resp. at p. 2, Doc. 9). On February 14, 2012, Defendants filed their notice of removal based on federal question jurisdiction. (Doc. 1). On March 15, 2012, Plaintiff filed the instant motion to remand, asserting that Defendants' removal was untimely. (Pl's. Mtn. at p. 2, Doc. 6-1).

## FACTUAL BACKGROUND

According to the Complaint, Plaintiff worked as an intrastate truck driver hauling whey from a cheese plant in Visalia, California to a dairy owned by Defendant Robert Hilarides. (Doc. 1, Ex. A, ¶ 5). In addition to hauling whey from the cheese plant, Plaintiff's job duties included cleaning and servicing the transport vehicle. *Id.* at ¶ 6. Plaintiff contends that with these additional duties, he worked in excess of forty (40) hours per week without being paid overtime compensation by Defendants. *Id.* at ¶ 7. On June 28, 2011, Plaintiff filed the underlying action in state court.

On November 7, 2011, during the discovery phase, Plaintiff served Defendants with interrogatory responses identifying violations of two federal FLSA claims. (Whelan Decl., Ex. A at 4: 14-16, Doc. 6-2). On December 29, 2011, Plaintiff filed a Motion to Amend his complaint, with a copy of the First Amended Complaint ("FAC") attached as an exhibit. *Id.* at 10. The attached amended complaint alleged federal violations of the FLSA. Approximately a month later, on January 25, 2012, Plaintiff filed and served Defendant with the first amended complaint. In the FAC, Plaintiff again alleged two federal FLSA violations. *Id.* at 4 ¶ 13. Approximately two weeks after the FAC was filed, Defendants

---

motion, making findings and recommendations unnecessary for resolution of the motion); *Bearden v. PNS Stores, Inc.*, 894 F.Supp. 1418, 1419 n. 1 (D.Nev.1995). Nonetheless, in the interest of taking a conservative approach and since the present motion involves a determination of the availability of a federal forum, the court will proceed by way of findings and recommendations.

removed this case to federal court on the basis of federal question jurisdiction. (Doc. 1).

According to Plaintiff, Defendants removal is untimely. Plaintiff contends that the earliest operative date for determining timeliness of removal is November 7, 2011, the date Plaintiff sent discovery responses to Defendants alleging that Defendants violated 29 U.S.C.A §§ 201, 207. Plaintiff further contends that "on December 29, 2011 Plaintiff filed and served Defendants with the first amended complaint as an attachment to Plaintiff's Motion to Amend the complaint." (*See* Pl's. Mtn. at p. 2, Doc. 6-1). Using either of these dates, Defendants' Notice of Removal, filed on February 14, 2012, would have been untimely. Defendants counter that the proper date to consider for removal purposes is January 25, 2012, the date Plaintiff filed his First Amended Complaint. Defendants assert that, prior to that time, it was not apparent that Plaintiff was asserting federal claims. (*See* Def's. Resp. at p. 2, Doc. 9).

## **LEGAL STANDARD**

The removal statute, 28 U.S.C. § 1441(a), provides in pertinent part:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter*, 582 F.3d at 1042.

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.1988); *Takeda v. Northwestern National Life Insurance Co.*, 765 F.2d 815, 818 (9th Cir.1985)). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 656. There is a strong presumption against removal jurisdiction, which means that the defendant always has the burden of establishing that removal is proper. *Id.* (citing *Nishimoto v. Federman-Bachrach & Associates*, 903 F.2d 709, 712 n. 3 (9th Cir.1990); *Emrich v.*

*Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988)).  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).  Any doubt as to the right of removal must be resolved in favor of remand. *Gaus*, 980 F.2d at 566.

## DISCUSSION

### A.   *Summary of the Parties' Positions*

Plaintiff argues that this case should be remanded to state court because Defendant failed to remove this action within the requisite 30-day removal period. (*See* Pl's. Mtn. at p. 2, Doc. 6-1).  In Plaintiff's view, the operative date for determining the timeliness of removal is either (1) November 7, 2011, the date he submitted written discovery responses alleging that Defendant violated the FLSA[2] or (2) December 29, 2011, the date he submitted a copy of the First Amended Complaint with his Motion to Amend. *Id.*  According to Plaintiff, this information placed Defendants on notice that he would allege federal violations, so as to start the 30-day removal period. Using these dates, Defendant's Notice of Removal, filed on February 14, 2012, would have been untimely.

Relying on *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, Defendants respond that the proper date to consider for removal purposes is January 25, 2012, the date Plaintiff formally filed his First Amended Complaint. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Defendants assert that receipt of the formal complaint and not a courtesy copy commences the thirty day removal period. *(See* Def's. Resp. at p. 3, Doc. 9).

### B.   *Timeliness of Removal*

The relevant statute, 28 U.S.C. § 1446(b), sets forth the following timing guidelines regarding removal of actions from state court:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

---

[2] Plaintiff's interrogatory response states "without any waiver, Plaintiff supplements as follows: Plaintiff contends that Defendant also violated 29 U.S.C.A. §§ 201, 207." (Whelan Decl., Ex. A at 4: 14-16, Doc. 6-2).

4

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .

28 U.S.C. § 1446(b) (emphasis added). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

In *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) the Ninth Circuit held that if a case is not initially removable based on an examination of the "four corners of the applicable pleadings," the case is "not removable at that stage." *Harris*, 425 F.3d at 694. The Ninth Circuit further held, based on the language of § 1446(b), a defendant whose case is "not removable" based on the initial pleadings can nevertheless remove the case "after the defendant **receives '*an amended pleading***, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Id.* (quoting 28 U.S.C. § 1446)(emphasis added).

A plain reading of Plaintiff's initial Complaint reveals that the case was not initially removable. The initial complaint did not contain any federal claims, and the pleadings did not indicate that diversity jurisdiction is available. On December 29, 2011, Defendant received a copy of the amended pleading, which contained two federal claims. At that time, it was ascertainable from the amended complaint received by the Defendants that Plaintiff was asserting a federal claim in this case. Thus, the thirty-day removal window began to run when defendants received the amended pleading. A notice of removal should have been "filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of [the Plaintiff's]" amended complaint. 28 U.S.C. § 1446(b).

Defendants' contend that under *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), a federal claim is not ascertainable until the Complaint is formally served. The Supreme Court held that the thirty day period to remove an action did not begin to run until a defendant formally is served with the Complaint. In *Murphy Bros.*, the issue was whether the thirty-day removal window began on defendant's receipt of a courtesy copy of a complaint before service of the summons and

complaint. 526 U.S. at 347. The plaintiff filed a complaint in state court and then faxed a courtesy copy of the complaint to the defendant. Fourteen days later, the plaintiff formally served the complaint on the defendant. Thirty days after the plaintiff formally served defendant with the complaint, and forty-four days after the plaintiff received a faxed courtesy copy, the defendant removed the case. The plaintiff moved for remand, arguing that the defendant's removal was untimely as the thirty day time period for removal began to run once the defendant received the faxed copy. The Supreme Court disagreed with the Plaintiff holding that a named defendant's time to remove "is triggered by simultaneous service of summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Id.* at 348. Defendants cite to *Murphy Bros.* arguing that since Plaintiff's FAC was not formally served until January 25, 2012, Defendants time to remove was not triggered until the formal service date–January 25, 2012. (Def's. Resp. at p. 2, Doc. 9).

*Murphy Bros.* is distinguishable on its facts. *Murphy Bros.* involved an initial pleading and a defendant that had yet been brought formally into the litigation. The defendant in *Murphy Bros.* had not yet appeared in the case. The Court reasoned that, "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros.*, 526 U.S. at 350. The Supreme Court was troubled that the 30-day period could start to run before the defendant was formally served; "*i.e.*, before one is subject to any court's authority." *Murphy Brothers*, 526 U.S. at 356.

Here, Defendants were served with the initial complaint on June 28, 2011, and therefore, were formally brought into the litigation. Indeed, Defendants had appeared in the state court action and were actively defending the case. Contrary to Defendants' contention, there is no statutory requirement that Defendants be formally served with an <u>amended</u> Complaint prior to removal. Rather, Section 1446(b) provides that, a notice of removal must be filed "within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of an amended pleading." 28 U.S.C. § 1446(b) (emphasis added). Once a defendant is properly before a court, and he discovers grounds that would justify removal, he is required to remove within thirty days of discovering those grounds, regardless of whether such information is contained in formally served amended pleadings or from some other source, such

as discovery or even deposition testimony. *See Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 887 (9th Cir. 2010) (plaintiff's response to deposition questions can start removal clock under section 1446(b)); *Rider v. Sears Roebuck & Co*, 2011 U.S. Dist. LEXIS 60939 at *9 (C.D. Cal. June 7, 2011) (Court disagreed with Defendant that only documents actually filed in state court can constitute other paper under 1446(b)); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (noting majority of federal district courts have not required receipt of an actual written document for the removal clock to run); *McLaney v. Ruiseco v. Corpus Christi Hous. Auth.*, No. 06-423, 2006 U.S. Dist. LEXIS 82521 at *8, 2006 WL 3302520, at *3 (S.D. Tex. Nov. 10, 2006) ("Numerous courts have held that receipt of an unfiled document starts the thirty-day clock for removal under the statute.") (collecting authorities).

Unlike in *Murphy Bros.*, here Defendants had already been served, had appeared, and were within the jurisdiction of the Court.[3] Therefore, the concerns expressed by *Murphy Bros*. that the running of the thirty day removal period before a defendant has been properly haled into court are not applicable to this case. At the very latest, Defendants were put on notice that Plaintiff was asserting federal claims on December 29, 2011, the date the Motion to Amend was filed. Thus, pursuant to 28 U.S.C. § 1446(b), Defendants' 30-day period to file a notice of removal expired on January 28, 2012. Defendants' February 14, 2012 Notice of Removal therefore is untimely.

---

[3] Defendants reliance on *Lerma v. URS Fed. Support Servs.*, 2011 U.S. Dist. LEXIS 66451 (E.D. Cal. June 22, 2011) is similarly misguided. In *Lerma*, Plaintiff's initial complaint improperly named URS Corporation—Defendant's sister company—as the Defendant. *Lerma*, 2011 LEXIS 66451 at *2. Defense counsel informed Plaintiff that Defendant URS Corporation had been named improperly and that the proper defendant was URS Federal Support Services ("URS Federal"). *Id.* On February 23, 2011, Plaintiff amended his state court action to substitute URS Federal. *Id.* On that same day, Plaintiff emailed Defendant URS Federal the amended complaint. *Id.* at *3. However, no amended summons or notice of acknowledgment was included. *Id.* On March 16, 2011, Plaintiff's counsel mailed an Acknowledgment of Receipt of Summons form to Defendant URS Federal, which was signed and returned on March 21, 2011. URS Federal responded to the Amended Complaint on March 29, 2011 with an Answer and a Notice of Removal. *Id.* Plaintiff filed a motion to remand arguing the motion was untimely on the basis that URS Federal had notice of the lawsuit on February 23, 2011. The Court ruled that under *Murphy Bros.*, the thirty day removal clock did not begin to run until Plaintiff formally was served with the amended complaint (*i.e.* the day the Notice of Acknowledgment of receipt is signed). *Id.* at *4. The Court was concerned, like in *Murphy Bros.*, that the Defendant had not been brought under the court's authority. *Id.* at *4. The Court held that a "courtesy copy" sent to the defendant prior to proper service is not sufficient. Proper service of URS Federal was required to bring URS Federal intp the litigation. *Id.* at *14. *Lerma*, like *Murphy Bros.,* applies to parties who have not been served with formal process and who are not yet subject to the state court jurisdiction.

**B.     Attorney's Fees**

Plaintiff seeks an award of his attorneys fees and costs for preparing and filing the motion for remand. (Pl's. Mtn. at p. 4, Doc. 6-1). Defendants oppose such an award. (Def's. Resp. at p. 4, Doc. 9).

Section 1447 states in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c). Generally, such fees and costs are not awarded when the removing party has an "objectively reasonable basis" for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Given the complexity of the removal issues presented in the motion, the Court does not find that Defendants' attempted removal was "objectively baseless." Therefore, the Court recommends that the request for costs and fees be denied.

## **CONCLUSION**

For the foregoing reasons, the Court RECOMMENDS as follows:

1. Plaintiff's Motion to Remand should be GRANTED and that this action be REMANDED to the Tulare County Superior Court of California, Visalia Division for all further proceedings.

2. Plaintiff's request for an award of costs and attorney fees be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **May 1, 2012**                              **/s/ Barbara A. McAuliffe**
                                                       UNITED STATES MAGISTRATE JUDGE